**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ana Ramirez Flores,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-03098-PHX-DWL<br>**ORDER** |

Plaintiff challenges the denial of her application for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 19), the Commissioner's "Brief Requesting Remand" (Doc. 20), and Plaintiff's reply (Doc. 21), as well as the Administrative Record (Doc. 18, "AR"), and now reverses the Administrative Law Judge's ("ALJ") decision and remands for calculation of benefits.

**DISCUSSION**

I. Relevant Background

This is, remarkably, the fourth time Plaintiff has appealed from the denial of Social Security benefits. The saga began in December 2015, when Plaintiff filed an application for disability and disability insurance benefits, eventually alleging a disability onset date of September 1, 2015. (AR at 15.) In June 2018, an ALJ issued an unfavorable decision concluding that Plaintiff was not disabled between the alleged onset date and the date last insured (i.e., September 30, 2017). (*Id.* at 15-25.) Plaintiff appealed to this Court, and her

appeal was docketed as *Ramirez v. Comm'r of Soc. Sec. Admin.*, No. 2:18-cv-03437-DJH ("*Ramirez I*"). After Plaintiff filed her opening brief (*Ramirez I*, Doc. 13), the Commissioner filed a stipulation to remand, conceding that the ALJ needed to "reevaluate the medical evidence, including the opinions of the State agency psychologist, Mary Downs, Ph.D., and the State agency psychiatrist, Lisa Renner, M.D." (*Ramirez I*, Doc. 14.) In March 2019, the Court granted the stipulation, remanded for further proceedings, and entered judgment in Plaintiff's favor. (*Ramirez I*, Docs. 15, 16.)

On March 16, 2020, following a post-remand hearing, an ALJ issued a second unfavorable decision. (AR at 1776-91.) Plaintiff, in turn, appealed for a second time to this Court, and her appeal was docketed as *Ramirez v. Comm'r of Soc. Sec. Admin.*, No. 2:20-cv-00560-DJH ("*Ramirez II*"). As relevant here, one of Plaintiff's assignments of error was that the ALJ erred during step five of the sequential analysis by accepting that Plaintiff could perform jobs that require Level 3 reasoning. (*Ramirez II*, Doc. 18 at 12-13.) Similar to *Ramirez I*, the Commissioner declined to defend the ALJ's decision and conceded that reversal was warranted: "Defendant agrees with Plaintiff that the ALJ's step five finding that Plaintiff could perform a significant number of jobs is deficient. Defendant accordingly posits that, on remand, an administrative law judge (ALJ) will obtain vocational expert testimony that considers Plaintiff's residual functional capacity (RFC) and the relevant vocational factors, and addresses any inconsistencies with the Dictionary of Occupational Titles (DOT); and, take further action to complete the administrative record resolving the above issues, and issue a new decision." (*Ramirez II*, Doc. 23 at 2.) In her reply brief, Plaintiff disagreed that the remedy for this undisputed error was a remand for further proceedings and argued that the appropriate remedy was a remand for calculation of benefits. (*Ramirez II*, Doc. 25.) In an order issued on June 28, 2021, Judge Humetewa reversed the ALJ's decision and agreed with the Commissioner's view as to the appropriate remedy: "[T]he appropriate remedy is to remand Plaintiff's case for a new hearing to determine whether she is more limited than previously found, and whether jobs exist in the national economy that she can perform." (*Ramirez II*, Doc. 27 at

8.)

On June 22, 2022, following a post-remand hearing, an ALJ issued a third unfavorable decision. (AR at 2261-87.) Plaintiff once again appealed to this Court, and her appeal was docketed as *Ramirez v. Comm'r of Soc. Sec. Admin.*, No. 2:22-cv-01151-JAT ("*Ramirez III*"). For the first time, the Commissioner did not concede error (*Ramirez III*, Doc. 16), and in an order issued on March 13, 2024, Judge Teilborg affirmed the ALJ's decision (*Ramirez III*, Doc. 19). Plaintiff appealed to the Ninth Circuit, and in a memorandum decision issued on November 13, 2024, the panel reversed, concluding that "the ALJ's finding on remand that [Plaintiff's] RFC was less limited than previously decided violated the rule of mandate." *Ramirez v. O'Malley*, 2024 WL 4763686, *1 (9th Cir. 2024). "As a remedy, [Plaintiff] asks that this matter be remanded for a new hearing before the ALJ. Accordingly, we instruct the district court to remand to the ALJ for a new hearing." (*Id.*)

On August 22, 2025, following a post-remand hearing, an ALJ issued a fourth unfavorable decision. (AR at 2674-711.) This is the decision at issue in this appeal. As relevant here, the ALJ concluded during the fifth step of the sequential analysis that even though Plaintiff was unable to perform any past relevant work, she was not disabled because a person with her RFC could perform three jobs that exist in substantial numbers in the national economy: (1) document preparer; (2) final assembler, optical goods; and (3) order clerk, food and beverage. (*Id.* at 2708-11.) In reaching this conclusion, the ALJ rejected Plaintiff's argument that these jobs were inappropriate for a person with her RFC because they require Level 3 reasoning. (*Id.* at 2710-11.)

II. <u>The Parties' Arguments</u>

The sole issue Plaintiff raises on appeal is whether the ALJ erred at step five by identifying jobs that require Level 3 reasoning. (Doc. 19 at 10.) Plaintiff argues that "[t]his was the exact issue causing the case to be remanded in 2021." (*Id.* at 10-11.) As a remedy, Plaintiff seeks a remand for calculation of benefits. (*Id.* at 13-15.)

In response, the Commissioner yet again concedes error but yet again argues that

the appropriate remedy is a remand for further proceedings. (Doc. 20.)

In reply, Plaintiff argues: "We implore this Court to finally award this woman who has been fighting for a minimal amount of government benefits for 11 years and received numerous denials that fail to comply with the law. Application of the residual functional capacity, the vocational expert's testimony and numerous ignored remand orders result in no significant numbers of jobs. Therefore, an award for a computation of benefits is appropriate. If SSA could legally deny [Plaintiff] her disability benefits, they have had four administrative hearings over three ALJs to do so. A review of testimony of vocational experts should persuade this court that no jobs with the reduced range of sedentary and a Reasoning Level Two exist in significant numbers." (Doc. 21 at 3.)

III. Analysis

Under Ninth Circuit law, the appropriate remedy in a Social Security appeal is almost always a remand for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1044-45 (9th Cir. 2017) (noting that "[w]hen the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits" and that "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule"). However, in a very small subset of cases, the appropriate remedy is a remand for calculation of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

In the Court's view, this is one of those very rare cases in which the latter remedy is appropriate. Although "[t]he credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court," *Leon*, 880 F.3d at 1044, the Ninth Circuit recently clarified that "[t]he credit-as-true rule has three steps. First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before

a determination of disability can be made, and whether further administrative proceedings would be useful. And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law. Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up). A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048. *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy. We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.") (cleaned up).

All three steps of the credit-as-true rule are satisfied here. Step one is satisfied because, as the Commissioner concedes, the ALJ erred at step five of the sequential analysis. As for the second step of the credit-as-true test, the Court cannot see how further administrative proceedings would be useful in light of the posture of this case. Plaintiff has been forced to run a gauntlet of SSA proceedings for more than a decade, only for the Commissioner to repeatedly concede the existence of reversible error once Plaintiff reaches federal court. The conceded error this time around is particularly distressing because it parallels the conceded error that formed the basis for the Commissioner's remand request in *Ramirez II*. It would not serve a useful purpose to authorize yet another remand so the ALJ can make yet another attempt to correctly analyze this issue. And for related reasons, step three of the credit-as-true test also favors Plaintiff. *See generally Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("The ALJ's determination . . . was in error [and] . . . [a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication. Remanding a disability claim for further proceedings can delay much needed income for claimants who

are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. Requiring remand for further proceedings [here] . . . would contribute to waste and delay and would provide no incentive to the ALJ to fulfill her obligation to develop the record.") (citations omitted).

The final inquiry is whether the Court should exercise its discretion to remand for further proceedings even though all three steps of the credit-as-true test are satisfied. In light of the posture of this case, the Court has little trouble concluding that this inquiry should be resolved in Plaintiff's favor, too. *Ortiz v. Bisignano*, 179 F.4th 691, 706 (9th Cir. 2026) ("Ortiz's age and long delay in awaiting benefits also counsel against further proceedings. Ortiz first applied for benefits in 2015. Two reviewing courts have already found errors in the handling of his application for benefits, and some of those errors have recurred in this latest denial of benefits. We decline to invite further repetition of this already unfortunate administrative history."); *Kuyat v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4533130, *4 (D. Ariz. 2024) ("[D]ue to the unusual posture of this case, the Court chooses to exercise its discretion to remand for calculation of benefits. The Court does not harbor any serious doubt that Plaintiff is disabled and cannot fathom how it would be fair or just to require Plaintiff to submit to yet another remand under these circumstances.").

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **reversed**. This matter is **remanded for calculation of benefits**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 8th day of September, 2026.

Dominic W. Lanza
United States District Judge